```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

ASTRIEN JOHNSON,                  )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  07 C 2586
                                  )
RECYCLED PAPER GREETINGS, INC.,   )
                                  )
               Defendant.         )
```

                         MEMORANDUM ORDER

Recycled Paper Greetings, Inc. ("Recycled Paper") has filed its Answer and Affirmative Defenses ("ADs") to the complaint brought against it by Astrien Johnson ("Johnson"), who seeks relief both under Title VII and under 42 U.S.C. §1981.  This memorandum order is prompted by a portion of Recycled Paper's ADs that identifies a potential limitations problem posed by one aspect of Johnson's allegations.

Johnson has included as part of her Complaint Ex. A copies of her two EEOC charges, which ultimately eventuated in EEOC's right-to-sue letter and then to Johnson's timely Complaint.  Those documents reveal that her initial Charge of Discrimination filed May 10, 2004 was limited to Recycled Paper's assertedly race-based failure to have hired her on a full-time rather than part-time basis in November 2003.  It was not until October 14, 2004 that she filed another charge covering these other allegedly race-based adverse actions:

        1.  asserted racial harassment during the period from

September 2003 (when she was first hired) though mid-November 2003;

    2. an assertedly race-based written reprimand issued to Johnson on October 29, 2003, when a similarly situated non-African American employee was not treated similarly; and

    3. Johnson's assertedly race-based discharge on November 15, 2003.

As a quick look at the calendar confirms, all of those added charges were based on actions taken by Recycled Paper or its employees more than 300 days before Johnson filed her second Charge of Discrimination. As such, those charges would be untimely for Title VII purposes unless they can be said to relate back to the time of Johnson's initial May 2004 charge. Johnson is accordingly directed to file a response to Recycled Paper's second AD, which asserts such a claimed flaw, on or before July 17, 2007.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  July 9, 2007